The counsel for Richards presented the following petition for a re-hearing.

It may appear, «from all the facts, that the promise to dismiss the suit, and that to deliver the bonnets, are independent;” but it is presumed the facts here meant, are those which were stated by the witness, in evidence; and that the allegations in the declaration are not referred to as the facts, But the promise to deliver the bonnets is not declared on as an independent promise. On the contrary, the agreements on the part of plaintiff and defendent, are stated in every count of the declaration, as promises to be performed at one and the same time, and are, therefore, concurrent, and consequently dependent. Nc time is slated by the plaintiff, in his declaration, when he was to dismiss his action; and no time is stated when the bonnets were to be delivered; therefore, neither could hasten the other before he had first performed himself. It is supposed that this is plain law. If Henderson were to agree to pay me $100 to argue a cause for him in the Franklin circuit, nothing being said of the *492 time of the payment or argument, he would think it strange to find himself sued at the next court for the fee. If I were to die before I argued his cause, my executors could not recover even on a bond for the money, payable presently, if met by a plea to the consideration. If I were to call at his store and examine the sample of a package of goods he had on the way from Philadelphia, and agree to take them at a certain price, I do not believe he would think of sueing me for the money, till the goods arrived, and he offered to deliver them. If the goods were present in the house, he could not recover the price without any offer to deliver them to me. .The payment of a part of the price, or performance in any other form, of a part of the consideration, by one pf' the parties, does not, cannot increase his obligation to perform the balance, or rather create an obligation on him to perform the remainder of his undertaking, before the other party may have performed or offered to perform on his side. The declaration states an agreement pf the parlies to. perform concurrently, and consequently, their promises were dependent. The case proved is a case of independent promises, as stated by the court. The case stated by the witness is given the character of independent promises, by the fact that the bonnets were to be delivered immediately; and that, from the date of the agreement, the suit could not be dismissed till the next term of the court; neither of which facts appear in the declaration. The dates given in the counts are immaterial, and no time is given in any count, for the performance on the part of either; arid, therefore, if one was to be performed presently, so was the other. The fact is, the plaintiff has treated the promises to. dismiss the suit and deliver the bonnets as dependent throughout all his counts, and attempted, in every one, to aver performance on his part.
Petition for. a rc-heanng.
If, then, dependent promises are different from independent, the allegata et probata, have not here corresponded. Another variance is found, which must be insuperable. The declaration is, that the consideration was the agreement to dismiss a suit in the name qf John Henderson, for the use of Charles Henderson, and the proof is of a suit in the name of Charles Henderson, for the use of Charles Hendersqn.
Petition for a re-hearing,
| still think the declaration is for the failure to deliver bonnets, without identifying them of a certain value, and that the proof is, the agreement was for 23 individual, identical bonnets, being the same which John Henderson had before sold to defendant’s wife, This distinction is a very material one. The bonnets spoken of by the witness are, we suppose, not worth the candles this suit has cost. They were old, unfashioned, unsaleable bundles of straw, which John Henderson had deposited with this woman to be sold, and which this man, Charles, afterwards attempted to impose on her. They would have been returned, but they were seized by a constable under an execution against John Henderson, whose property they had ever been. These things are mentioned only to illustrate the materiality of the difference between the averment and the proof. The difference between the count and proof must always be material, where the measure of recovery would be different, in consequence of the different objects or subjects of the counts and proofs; or where a defence could be made, against the case shovrn, on proof which could not be made against that stated in the count.
The question of variance, on the plea of former decision, is of course, always the same, as might have been made on the evidence, upon the first trial.
To which the courtj by ^udge Robertson, returned the following response.
The counts in the declaration, and the proof, substantially correspond. A judgment in this casé will bar any other suit for the same cause of action.
The promises were not mutual and dependent. The agent of Henderson, swore that he settled with Richards for Henderson, and says “he came to the agreement withRichards, that the suit was to he dismissed-, that the said Richards then paid $50, and ,gave his note for $40, and agreed to go and return them (the bonnets) IMMEDIATELY.” The suit could not be dismissed until court. Court was not then sitting. The vritness swears that a few days after this agreement, he saw Richards and spoke to him about the bonnets, when the defendant informed him that it was not in his power |o deliver the same; and on the same day afterwards *494 this suit was brought.” The suit was brought on the 14th day of February, 1825. The Franklin circuit is held in March, June and September, so that it is impossible, on this proof, to consider the promises mutual and dependent.
As to the difference between a suit brought in the name of John Henderson, for the use of Charles Henderson, and one in the name of Charles Henderson, for the use of Charles Henderson; we might admit, that this is as strong an objection to the opinion which has. been rendered, as ariy other which is taken. The declaration describes the suit which was pending, and which was to be dismissed, as one in the name of John, for Charles; the witness, in describing it, says, Charles, for, Charles. We suppose that both meant the samp suit. More need not be said.
Petition overruled.